UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
**Case Number: 18-25099-CIV-MORENO**

ACHERON PORTFOLIO TRUST, AVERNUS
PORTFOLIO TRUST, LORENZO TONTI
2006 TRUST, STYX PORTFOLIO TRUST,
and ACHERON CAPITAL, LTD.,

    Plaintiff,

vs.

BARRY MUKAMAL, as Trustee of the
MUTUAL BENEFITS KEEP POLICY
TRUST,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

   THE MATTER was referred to the Honorable Jared M. Strauss, United States Magistrate

Judge, for a Report and Recommendation on Defendant's Motion for Summary Judgment (**D.E.**

**77**) and Plaintiffs' Motion for Partial Summary Judgment (**D.E. 75**). The Magistrate Judge filed

a Report and Recommendation (**D.E. 141**) on __September 24, 2021__. The Court has reviewed the

entire file and record. The Court has made a *de novo* review of the issues that the objections to

the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised

in the premises, it is

   **ADJUDGED** that United States Magistrate Judge Jared M. Strauss's Report and

Recommendation is **AFFIRMED** and **ADOPTED**.

  I.  Summary of Report and Recommendation and Analysis of the Objections

   After reviewing the Report and Recommendation and the Plaintiffs' objections, the Court

adopts the well-reasoned recommendations of the Magistrate Judge. The following summarizes

those findings and addresses the objections on the various issues raised in the cross-motions for

summary judgment.

      A.  *Defendant's Motion for Summary Judgment*
         1.  *Standing based on Agency or Third-Party Beneficiary Status*

The Report and Recommendation finds there is an issue of fact as to whether Plaintiff Acheron Capital, Ltd. acted as an agent for the Acheron Trusts[1] in signing the March 2015 Agreement.[2]  On this issue alone, the Magistrate Judge recommends denying the Defendant's motion for summary judgment. Plaintiffs nevertheless object to this recommendation, seemingly, because they want the Court to rule that the terms of the March 2015 Agreement establish agency. Plaintiffs, however, did not move for summary judgment on this issue and state in their objections that the Court should conduct an evidentiary hearing to determine agency.  An evidentiary hearing is unnecessary because even if the Acheron Trusts establish agency, the Report and Recommendation correctly concludes that summary judgment is appropriate on the Third Amended Complaint's four counts.

The Acheron Trusts also assert standing to sue for breach of the March 2015 Agreement as third-party beneficiaries of that contract. The Report and Recommendation, however, correctly discards that argument because the Acheron Trusts are not intended third-party beneficiaries of the March 2015 Agreement.  Only Acheron Capital entered the March 2015 Agreement and not the Acheron Trusts.  The plain language of the 2015 Agreement does not evince a clear expression to directly benefit the Acheron Trusts. The Report and Recommendation also correctly finds the Third Amended Complaint fails to plead a third-party beneficiary claim for breach of contract because it does not allege that the Trustee and Acheron Capital entered into the March 2015 agreement with the "manifest intent" that the "contract

---

[1] Plaintiffs Acheron Portfolio Trust, Avernus Portfolio Trust, Lorenzo Tonti 2006 Trust, Styx Portfolio Trust are collectively referred to as the Acheron Trusts.
[2] The Acheron Trusts are not signatories to the March 2015 Agreement.

primarily and directly benefit" the Acheron Trusts. Plaintiffs argue in their objections that they should be allowed to plead a third-party beneficiary claim now.  As noted, the agreement itself contravenes such a claim because nowhere does it state it is entered for the benefit of the Acheron Trusts.  There is also no record evidence to show an issue of fact regarding whether the Acheron Trusts were third-party beneficiaries of the March 2015 Agreement. Accordingly, the Court adopts the Magistrate Judge's recommendation that the Acheron Trusts lack standing as third-party beneficiaries to sue for breach of the March 2015 Agreement.

 2.   *Breach of 2015 Agreement*

The Report next addresses the breach of contract claims and finds the Defendant is entitled to summary judgment on Count 1.  Plaintiffs' Third Amended Complaint asserts breach of sections five and two of the March 2015 Agreement.

The first claim stems from the Trustee's practice of delaying disposition of policy interests to the Plaintiffs in violation of section 5. Plaintiffs did not object to the recommendation that summary judgment be entered in favor of the Defendant on the delayed disposition claim. The Court adopts the recommendation and grants summary judgment on count 1 to the extent it claims a breach based on the Trustee's delayed disposition in violation of section 5.

Plaintiffs object to the recommendation that summary judgment be entered as to the second claim that the Trustee's failure to grant Plaintiffs an Administrative Fee Credit violated section 2 of the 2015 Agreement.   The Magistrate Judge finds three reasons support entering summary judgment in favor of the Trustee on this claim.

First, the Magistrate Judge construes the March 2015 Agreement and the Renewal Agreement together because both were presented to this Court for approval simultaneously.  The Magistrate Judge finds that these two agreements were undisputedly approved simultaneously by

the Court when the parties presented an approval motion, which the Plaintiffs joined in *SEC v. Mutual Benefits*, Case No. 04-60573 (D.E. 2500).  The March 2015 Agreement references the Renewal Agreement that the Trustee entered with the servicer, Litai Assets, LLC. Using principles of contract construction, the Magistrate Judge found that the Defendant's interpretation harmonizes these agreements. Plaintiffs argue the March 2015 agreement does not allow the Trustee to discriminate amongst the investors and specifically with respect to the application of the Administrative Fee Credit.  The Renewal Agreement, however, specifically eliminated the payment of the Administrative Fee Credit to Plaintiffs.  Plaintiffs' objections argue that the March 2015 Agreement's discrimination provision modified this clause relating to the Administrative Fee Credit in the Renewal Agreement.  To support their objection, Plaintiffs argue that the parties intended the March 2015 Agreement to resolve disputes stemming from the Renewal Agreement, which was executed in November 2014, a few months before the March 2015 Agreement. While it is true that the parties did not enter these agreements simultaneously, the Magistrate Judge finds the Defendant's interpretation makes sense -- that the parties intended the March 2015 Agreement's discrimination provision to apply to additional rights that were not the subject of the Renewal Agreement. This conclusion is soundly supported because the March 2015 Agreement did not specifically modify the Renewal Agreement as Plaintiffs suggest and because the parties moved for contemporaneous approval of both agreements, the Court should interpret them harmoniously.  The Report also concludes that because Plaintiffs were parties to the motion for approval of the agreements in the *Mutual Benefits* case, they cannot now under principles of *res judicata* argue the agreements are inconsistent.  Finally, the Magistrate Judge finds the record evidence shows that the parties' course of conduct was consistent with the Defendant's reading of these agreements because for years the Plaintiffs did not contest being

denied the fee credit.  Accordingly, the Magistrate Judge recommends granting summary judgment on this claim. This recommendation is soundly reasoned and adopted.

### *3.* Breach of Fiduciary *Duty Claim & Breach of Implied Fiduciary Duty*

Counts 2 and 3 basically recast Plaintiffs' breach of contract claims as breach of fiduciary duty claims.  The Third Amended Complaint asserts that the Trustee breached the fiduciary duty he owed to Keep Policy Investors. To succeed on these claims, the Plaintiffs must establish that they are "Keep Policy Investors." The Court agrees with the Magistrate Judge's recommendation that Plaintiffs are not Keep Policy Investors. The Trust Agreement defines a Keep Policy Investor as "persons who have invested in an entire interest or a fractional interest in a Keep Policy *owned of record by the Receivership Entities.*"  Plaintiffs argue that their interests were at one point in time owned by the Receivership Entities, even if they did not directly purchase the interests from them.  This reading renders the language of "owned of record by the Receivership Entities" superfluous.  To adopt Plaintiffs' interpretation, would render this language meaningless since all these interests at one point were owned and sold by the Receivership Entities. The record evidence also supports the conclusion that the Trust was formed to benefit the original victims of the Mutual Benefits fraud, and not subsequent investors.  Those original victims are the Keep Policy Investors, not the Plaintiffs.  Accordingly, the Court adopts the Report and Recommendation and finds summary judgment is appropriate on the fiduciary duty claims because Plaintiffs are not Keep Policy Investors.

The Magistrate Judge also finds that because Acheron Capital and the Trustee are dealing at arms-length, a fiduciary relationship does not arise.  The Report adds that Plaintiffs fail to demonstrate that Defendant has a duty implied-in-law to treat them equally with victim investors based on the Trustee's control.  Plaintiffs also do not show that they reposed trust that Defendant

accepted to create an implied fiduciary duty.  For these reasons, thoroughly examined in the Report and Recommendation, the Court finds summary judgment is appropriate on the fiduciary duty claims.

### 4.   Breach of Trust Agreement

The Report and Recommendation finds that Plaintiffs fail to address the argument that there are no allegations to establish Plaintiffs' injury in Count 4 for breach of the Trust Agreement.  Second, because the Plaintiffs are not Keep Policy Investors, they cannot sustain a claim for breach of the Trust Agreement.  Third, the Magistrate Judge finds that the issue raised in Count 4 is moot because it stems from the Trustee's failure to report and this Court issued an order requiring the Trustee to comply with reporting requirements in the related action, *SEC v. Mutual Benefits*, Case No. 04-60573 (D.E. 2824).  The Court agrees with the well-reasoned Report and grants summary judgment as to Count 4 for breach of the Trust Agreement.

### B. Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs move for summary judgment requesting a finding that they are Keep Policy Investors. As set forth above, the Court agrees that Plaintiffs are not Keep Policy Investors for the various reasons set forth in the Report and Recommendation.

Plaintiffs also move for summary judgment requesting the Court find them entitled to the Administrative Fee Credit. The Court also agrees that Plaintiffs are not entitled to the credit for the reasons explained in the Report and Recommendation.

Accordingly, it is

**ADJUDGED** that Defendant's Motion for Summary Judgment is DENIED to the extent that Defendant argues that the Acheron Trusts lack the capacity to sue based on an agency theory and GRANTED to the extent the Acheron Trusts claim they are third-party beneficiaries of the

March 2015 Agreement. It is

**ADJUDGED** that Defendant's Motion for Summary Judgment is GRANTED as to Counts 1 through 4 of the Third Amended Complaint. It is

**ADJUDGED** that Plaintiffs' Motion for Partial Summary Judgment is DENIED.  It is

**ADJUDGED** that all other pending motions are DENIED as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th of February 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Jared M. Strauss

Counsel of Record