UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-25099-MORENO/STRAUSS

ACHERON PORTFOLIO TRUST,
AVERNUS PORTFOLIO TRUST,
LORENZO TONTI 2006 TRUST,
STYX PORTFOLIO TRUST, and
ACHERON CAPITAL, LTD.,

      Plaintiffs,
v.

BARRY MUKAMAL, as Trustee of the
MUTUAL BENEFITS KEEP POLICY TRUST,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendant Barry Mukamal's Verified Motion for Attorneys' Fees and Costs ("Motion") [DE 168], filed on April 8, 2022. The Motion has been referred to me for the issuance of a report and recommendation. [DE 173]. I have reviewed the Motion, the response [DE 171] and reply thereto [DE 177], and the record in this case. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion [DE 168] be **DENIED**.

## BACKGROUND

The dispute in this case stems from a 2004 SEC enforcement action turned receivership turned trusteeship ("Receivership Action").[1] The Receivership Action established a receivership to handle a massive fraud in which over 30,000 investors ("Victim Investors") were induced through misrepresentation into investing in viaticated insurance policies owned by Mutual Benefits

---

[1] References to documents in the Receivership Action, *Sec. & Exch. Comm'n v. Mutual Benefits Corp.*, No. 04-60573-CIV-MORENO, are denoted as: [SEC DE ##].

Corp. ("MBC"). [DE 141] at 8. The Court appointed Roberto Martinez as receiver ("Receiver") in the Receivership Action and authorized him to take possession of all property of MBC and related entities. *Id.* Victim Investors were later provided two choices in the Receivership Action: (1) retain their interests in the insurance policies and pay their share of premiums and administrative fees; or (2) sell their policies and receive a pro rata share of the proceeds. *Id.* at 9. After a vote on these options was conducted, 3,037 policies were designated to be retained ("Keep Policies") by investors in such policies ("Keep Policy Investors" or "KPI(s)"). *Id.*

In April 2009, the Receiver requested, and the Court approved, the creation of the Mutual Benefits Keep Policy Trust (the "Trust") to preserve the Keep Policies for the benefit of KPIs. *Id.* Thereafter, Defendant, Barry Mukamal ("Defendant" or "Trustee") was appointed as Trustee of the Trust. *Id.*

In late 2008, Plaintiffs began purchasing defaulted interests in certain policies, first purchasing interests from the Receiver and later purchasing interests from the Trustee. *Id.* at 11. Disputes subsequently arose between the parties regarding numerous issues, including Plaintiffs' status as KPIs and beneficiaries of the Trust. Plaintiffs initially attempted to address these disputes in the Receivership Action by filing a Rule 60(b) motion [SEC DE 2519], and shortly thereafter, a Complaint [SEC DE 2526] to address broader issues. The Court dismissed the Complaint without prejudice, requiring Plaintiffs to file their complaint in a new, separate action. [SEC DE 2527]. It also denied the Rule 60(b) motion. [SEC DE 2528].

Following dismissal of their complaint in the Receivership Action, Plaintiffs commenced this case with the filing of a Complaint [DE 1] similar to the complaint they had filed in the Receivership Action. After various rounds of motions to dismiss and amended complaints,

Plaintiffs filed their Third Amended Complaint [DE 46], the operative complaint in this case, on August 13, 2020.

The Third Amended Complaint contains four counts. Counts 1 and 4 assert breach of contract claims and seek damages (but no other relief). Count 2 asserts a claim for breach of fiduciary duty. Count 3 asserts a claim for breach of implied fiduciary duty. While Counts 2 and 3 seek damages (like Counts 1 and 4), they also seek an array of non-monetary relief. Specifically, the wherefore clause of Count 2 provides as follows:

> WHEREFORE, pursuant to Fla. Stat. § 736.1001, Plaintiffs respectfully request that this Court enter an order and judgment on Count 2: (a) awarding Acheron compensatory damages in an amount to be determined at trial, including interest, (b) compelling the Trustee to perform his duties under the Trust Agreement, (c) enjoining the Trustee from breaching his fiduciary duty and discriminating against Plaintiffs in favor of the Preferred Keep Policy Investors, (d) requiring the Trustee to obtain and provide to Plaintiffs and the other Keep Policy Investors an audit of the Trust's operations, (e) directing the Trustee to account for and restore to the Trust all unnecessary, unreasonable and/or excessive fees and expenses paid to or for the benefit of the Trustee, (f) appointing a special fiduciary to take possession of the property of the Trust, and administer the Trust, and/or (g) such other and further relief as the Court may deem just and proper.

[DE 46] at 19. Similarly, the wherefore clause of Count 3 provides as follows:

> WHEREFORE, Plaintiffs respectfully request that this Court enter an order and judgment on Count 3: (a) awarding Acheron compensatory damages in an amount to be determined at trial, including interest, (b) directing the Trustee to perform his implied fiduciary duties, (c) enjoining the Trustee from breaching his implied fiduciary duty and discriminating against Plaintiffs in favor of the Preferred Keep Policy Investors, (d) requiring the Trustee to obtain and provide to Plaintiffs and the other Keep Policy Investors an audit of the Trust's operations, (e) directing the Trustee to account for all unnecessary, unreasonable and/or excessive fees and expenses paid to or for the benefit of the Trustee (f) directing the Trustee to wind down and terminate the Trust as soon as practicable; and (g) such other and further relief as the Court may deem just and proper.

[DE 46] at 23-24. Many of the requested non-monetary remedies mirror remedies that may be available under the Florida Trust Code for a breach of trust. *See* § 736.1001, Fla. Stat. (Remedies for breach of trust).

In late 2020, the parties filed cross motions for summary judgment. [DE 75, 77]. On September 24, 2021, I entered a Report and Recommendation [DE 141], recommending that the Court grant Defendant's motion, deny Plaintiffs' motion, and enter summary judgment in Defendant's favor on all four counts of Plaintiffs' Third Amended Complaint. In February 2022, the Court entered its Order Adopting Magistrate Judge's Report and Recommendation [DE 154], as well as a separate Final Judgment [DE 155] in favor of Defendant.

Pursuant to the Motion, Defendant now seeks to recover attorneys' fees, claiming entitlement to such fees based upon Proposals for Settlement ("PFS(s)") – also known as Offers of Judgment – that Defendant served on each Plaintiff on January 29, 2021, pursuant to section 768.79 of the Florida Statutes (Florida's offer-of-judgment statute). Each PFS (one PFS per Plaintiff) offered $10,000 "to resolve *all claims* that have been asserted and all damages that would otherwise be awarded in a final judgment in the above-captioned action relating to all claims set forth in the Plaintiff's Third Amended Complaint." [DE 168-1] (emphasis added). Additionally, following payment of the $10,000, each PFS provided for "dismissal with prejudice of Plaintiff's claims against Trustee." However, Plaintiffs did not accept the PFSs.

## **ANALYSIS**

Defendant is not entitled to an award of attorneys' fees under Florida's offer-of-judgment statute. That statute – section 768.79 – is substantive law and therefore applies in this diversity action. *B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 855 F. App'x 503, 506-07 (11th Cir. 2021); *Jones v. United Space All., L.L.C.*, 494 F.3d 1306, 1309 (11th Cir. 2007) ("This circuit has found § 768.79 to be substantive law for *Erie* purposes."). In civil actions for damages, the statute provides that "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and

4

attorney's fees . . . from the date of filing of the offer if the judgment is one of no liability . . . ." § 768.79(1), Fla. Stat.; *see also B & D Nutritional Ingredients*, 855 F. App'x at 506 ("Florida's offer-of-judgment statute, § 768.79, permits an award of reasonable attorney's fees where, among other scenarios, 'a plaintiff refuses to accept an offer of judgment from the defendant and the ensuing judgment is one of no liability on the part of the defendant.'" (citations omitted)).

Here, Plaintiffs declined to accept the PFSs from Defendant, and the Final Judgment entered in Defendant's favor is one of no liability. Nonetheless, in their response, Plaintiffs contest Defendant's entitlement to attorneys' fees on various independent grounds, including that section 768.79 is inapplicable because Defendant served general offers of judgment seeking to release not only Plaintiffs' request for damages, but Plaintiffs' requests for non-monetary relief as well. As discussed herein, I agree with Plaintiffs that Defendant is not entitled to attorneys' fees because the PFSs sought to resolve "all claims," both monetary and non-monetary.[2]

Section 768.79 is in derogation of the common law rule that each party is responsible for its own attorneys' fees, and as such, its language must be strictly construed. *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013); *Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007). The Florida Supreme Court, applying a strict construction of the statute in *Diamond Aircraft*, held: "[S]ection 768.79 does not apply to an action in which a plaintiff seeks both damages and equitable relief, and in which the defendant has served a general offer of judgment that seeks release of all claims." 107 So. 3d at 374. It explained that strict construction compels this result because the statute explicitly states it applies to "any civil action for *damages*,"

---

[2] Because I find that Defendant is not entitled to attorneys' fees on the ground that Defendant's PFSs to Plaintiffs sought to resolve Plaintiffs' requests for both monetary *and non-monetary* relief, I do not reach Plaintiffs' other grounds contesting entitlement, and I do not address the reasonableness of Defendant's requested attorneys' fees.

5

not actions "where a plaintiff seeks both monetary and nonmonetary relief." *Id.* at 375; *see also Starboard Cruise Servs., Inc. v. DePrince*, 259 So. 3d 295, 298 (Fla. 3d DCA 2018) ("Section 768.79 provides that offers of judgment apply only to 'any civil action for damages.' Courts have consistently interpreted this phrase as being applicable to a claim in a civil action in which a party seeks **only money damages**." (citations omitted) (emphasis in original)); *Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Prop. Owners Ass'n, Inc.*, 22 So. 3d 140, 144 (Fla. 4th DCA 2009) ("Strict construction of the statute leads to the conclusion that when an action seeks non-monetary relief, such as a pure declaration of rights or injunctive relief, then the fact that it *also* seeks damages does not bring it within the offer of judgment statute.").

In his reply, Defendant argues that section 768.79 is applicable here, contending that "Plaintiffs neglect to advise the Court that in assessing whether a case is a 'civil action for damages,' courts must look to the 'true relief' sought in the case, and not merely the manner in which it was pled." [DE 177] at 1. In this vein, a request for non-monetary relief in a complaint does not automatically defeat entitlement to attorneys' fees under Florida's offer-of-judgment statute. *B & D Nutritional Ingredients*, 855 F. App'x at 507. For instance, the inclusion of a request for a declaratory judgment that, if granted, would simply result in an award of damages, does not take an action outside the scope of a civil action for damages. *Id.* Consequently, Florida courts sometimes "resolve disputes over the application of § 768.79 by discerning whether the 'true relief' sought in the action is money damages." *Id.* Doing so requires looking "behind the procedural vehicle used in a complaint to discern what true relief is sought." *Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co.*, 599 F. App'x 875, 883 (11th Cir. 2015).

But this "true relief" or "real issue" test is only "a valid and viable consideration in *some cases.*" *Starboard Cruise*, 259 So. 3d at 300 (emphasis added). As one case in this district aptly observed:

> [The] "real issue" cases were not involving claims like these that give rise to both legal and equitable remedies. Instead, the real issue cases deal with whether actions for declaratory judgment . . . or for an interpleader . . . were actions for damages. . . . [T]hose decisions have little bearing on the determination whether an action at law that gives rise to both damage and injunctive relief remedies are "actions for damages" for purposes of section 768.79.

*Saeme v. Levine*, No. 11-21913-CIV, 2012 WL 13134605, at *3 (S.D. Fla. Sept. 13, 2012) (internal citations omitted).

Here, the true relief test is not helpful. This is not a matter where Plaintiffs sought a declaratory judgment that would simply result in an award of damages if successful. *Cf. Yacht Club*, 599 F. App'x at 884 (affirming award of attorneys' fees under section 768.79 in declaratory judgment action where "the only dispute in the suit was one for damages"); *Tower Hill Signature Ins. Co. v. Javellana*, 238 So. 3d 372, 377 (Fla. 3d DCA 2017) (reversing denial of attorneys' fees under section 768.79 because question raised in count for declaratory relief was "subsumed within the true relief sought," which was money damages); *DiPompeo Const. Corp. v. Kimmel & Assocs., Inc.*, 916 So. 2d 17, 17-18 (Fla. 4th DCA 2005) (holding, in declaratory judgment action, "that because the real issue in the case was one of damages, section 768.79 controlled appellant's offer of judgment"); *Nelson v. Marine Grp. of Palm Beach, Inc.*, 677 So. 2d 998, 999 (Fla. 4th DCA 1996) (finding offer-of-judgment statutes applied in declaratory judgment action where "the only matter at issue was money"); *see also Diamond Aircraft*, 107 So. 3d at 373 (discussing *Nelson*, *DiPompeo*, and other cases); *Starboard Cruise*, 259 So. 3d at 300-01 (discussing examples of cases where the "true relief" test was applied). Nor is this a matter where Plaintiffs used some other equitable claim as a procedural vehicle to obtain damages. *Cf. Marine Depot, Int'l, Inc. v. James*

7

*River Grp., Inc.*, No. 19-CV-24821, 2022 WL 2341004, at *3 (S.D. Fla. Feb. 6, 2022) (finding entitlement to attorneys' fees under section 768.79 because, "had Plaintiff succeeded on the promissory estoppel claim—its procedural vehicle—the relief would have been the damages Plaintiff sought in its breach of contract action"); *Elessar v. Verizon Wireless Pers. Commc'ns, LLP*, No. 18-80025-CV, 2020 WL 6156498, at *4 (S.D. Fla. Aug. 26, 2020) (finding action qualified as a "civil action for damages" where the equitable claim that was brought "sought only money damages").

Instead, this is a case where, although Plaintiffs sought damages, they also sought several forms of independent non-monetary, equitable relief. And they did so under a specific provision of the Florida Trust Code, which expressly provides that courts may grant the following relief "[t]o remedy a breach of trust that has occurred or may occur":[3]

>   (a)  Compel the trustee to perform the trustee's duties;
>   (b)  Enjoin the trustee from committing a breach of trust;
>   (c)  Compel the trustee to redress a breach of trust by paying money or restoring property or by other means;
>   (d)  Order a trustee to account;
>   (e)  Appoint a special fiduciary to take possession of the trust property and administer the trust;
>   (f)  Suspend the trustee;
>   (g)  Remove the trustee as provided in s. 736.0706;
>   (h)  Reduce or deny compensation to the trustee;
>   (i)  Subject to s. 736.1016, void an act of the trustee, impose a lien or a constructive trust on trust property, or trace trust property wrongfully disposed of and recover the property or its proceeds; or
>   (j)  Order any other appropriate relief.

§ 736.1001(2), Fla. Stat. The wherefore clauses of Counts 2 and 3 of the Third Amended Complaint sought relief similar to that provided for under various subsections of section 736.1001(2), including subsections (a), (b), (d), and (e). Thus, had Plaintiffs shown they were beneficiaries of

---

[3] "A violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." § 736.1001(1), Fla. Stat.

the Trust and that Defendant violated a duty he owed to Plaintiffs (or that such a violation may occur), Plaintiffs may have been entitled to some or all of the equitable, non-monetary relief they requested in Counts 2 and 3.[4]

Counts 2 and 3 failed because, contrary to Plaintiffs' allegations, the Court found that Plaintiffs are not KPIs or beneficiaries of the Trust and that Defendant does not owe a fiduciary duty to Plaintiffs. *See* [DE 141] at 54-71; [DE 154] at 5-6. Therefore, Plaintiffs were not entitled to any relief under Counts 2 and 3 (monetary or non-monetary relief). However, had Plaintiffs succeeded on Counts 2 and 3, they very well may have been entitled to both damages and non-monetary relief. In other words, both damages and non-monetary relief were at issue in Counts 2 and 3 of the Third Amended Complaint.

Therein lies the problem. Each PFS sought "to resolve all claims that have been asserted and all damages," not simply all damages. Moreover, the PFSs provided for dismissal with prejudice of Plaintiffs' claims against Defendant. If Plaintiffs accepted the PFSs, this case would have been over in its entirety. Thus, the PFSs were general offers of judgment that sought to

---

[4] Florida's offer-of-judgment statute "does not apply to an action for both damages and equitable relief *and no exception for a meritless equitable claim exists*." *Diamond Aircraft*, 107 So. 3d at 376 (emphasis added). However,

> [t]here is a fundamental difference between a claim lacking serious merit that seeks cognizable relief, and a claim that seeks relief which is not even cognizable. With the former, the Court must address the merits of the claim before determining that the relief requested should not be awarded. With the latter, the non-monetary relief requested simply cannot be awarded no matter how meritorious the claim.

*Berman v. Kafka*, No. 3:13-CV-1109-J-JBT, 2015 WL 12940184, at *3 (M.D. Fla. July 10, 2015); *see also Streaminn Hub Inc. v. Gayle*, No. 18-24684-CIV, 2019 WL 8275138, at *2 (S.D. Fla. Apr. 12, 2019) ("[T]he non-monetary claim must be a cognizable form of equitable relief to preclude the application of Section 768.79."). In this case, at least some (if not all) of the non-monetary relief that Plaintiffs requested in Counts 2 and 3 would have absolutely been cognizable – in accordance with section 736.1001 of the Florida Trust Code – had Plaintiffs established liability on those counts.

9

dispose of both the monetary and non-monetary relief Plaintiffs sought in their Third Amended Complaint. As such, finding entitlement in this case would run directly counter to the requirement to strictly construe section 768.79 and its limitation to "civil action[s] for damages." Ultimately, because Plaintiffs sought "both monetary and nonmonetary relief" and Defendant made "general offer[s] of settlement, section 768.79 is not applicable." *Highland Holdings, Inc. v. Mid-Continent Cas. Co.*, 725 F. App'x 906, 908 (11th Cir. 2018); *see also S. Specialties, Inc. v. Farmhouse Tomatoes, Inc.*, 259 So. 3d 869, 871 (Fla. 4th DCA 2018) ("Farmhouse's offer of judgment stated that it would resolve 'all claims' by either party against the other. Based upon Southern's complaint, those claims included both monetary and equitable claims, including its claim for injunctive relief. Because the offer was directed at all claims made by Southern, it was invalid.").[5]

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **DENY** the Motion [DE 168].

---

[5] Defendant also argues in his reply that Plaintiffs' complaint makes nothing more than "passing mention of equitable relief" and that Plaintiffs made no effort to pursue equitable relief in this case. [DE 177] at 3. In this regard, there is one Florida appellate case that, in finding entitlement to attorneys' fees based on the "real issue" test, noted that a "passing reference to 'equitable relief' in the operative complaint does not change our conclusion, particularly where, as here, the Employer could not identify any equitable relief that was ever at issue in the discovery or trial of this matter." *Faith Freight Forwarding Corp. v. Anias*, 206 So. 3d 753, 755 (Fla. 3d DCA 2016). While not clear from the opinion itself what the court meant by a "passing reference" to equitable relief, I have reviewed the complaint in *Faith Freight*, which stated at the outset that "[t]his is an action for damages and appropriate equitable relief," but in the wherefore clause, only sought damages. *See Anias v. Faith Freight Forwarding Corp.*, 2010 WL 10874917; *see also Nafta Traders, Inc. v. Hewy Wine Chillers, LLC*, No. 6:19-CV-1672-ORL-78GJK, 2020 WL 7422063, at *4 n.2 (M.D. Fla. Sept. 4, 2020) (noting that a request for "all other and further relief to which Nafta Traders, Inc. is entitled by law or equity" was "merely a passing reference to equitable relief"). Obviously, the extensive and specific equitable relief sought in the Third Amended Complaint in this case easily renders this case distinguishable from *Anias*. Additionally, as indicated above, the Third Amended Complaint sought specific, cognizable equitable relief. *See supra* note 4.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 29th day of July 2022.

Jared M. Strauss
United States Magistrate Judge