UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
Case Number: 18-25099-CIV-MORENO

ACHERON PORTFOLIO TRUST, AVERNUS
PORTFOLIO TRUST, LORENZO TONTI
2006 TRUST, STYX PORTFOLIO TRUST,
and ACHERON CAPITAL, LTD.,

        Plaintiff,

vs.

BARRY MUKAMAL, as Trustee of the
MUTUAL BENEFITS KEEP POLICY
TRUST,

        Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING TRUSTEE'S VERIFIED MOTION FOR FEES

THE MATTER was referred to the Honorable Jared M. Strauss, United States Magistrate Judge, for a Report and Recommendation on Defendant Barry Mukamal's Verified Motion for Attorneys' Fees and Costs (D.E. 168). The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Jared M. Strauss's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that Defendant Barry Mukamal's Verified Motion for Fees is DENIED for the reasons stated in the Report and Recommendation. The Report and Recommendation concludes that § 768.79, Florida's offer-of-judgment statute, does not apply because the Plaintiff's claims included a request for non-monetary relief that was not encompassed by the Trustee's proposal for settlement in this case. In this case, the Plaintiff sought damages but also

sought several forms of independent non-monetary equitable relief under the provisions of the Florida Trust Code. The Magistrate Judge found that the Trustee's general proposals for settlement in this case sought to dispose of Plaintiff's request for monetary and non-monetary relief, and finding entitlement to attorney's fees here would run counter to § 768.79's limitation to "civil action[s] for damages."

The Trustee raises an objection <u>not</u> considered by Magistrate Judge Strauss in his Report and Recommendation and <u>not</u> raised in the proceedings before him. The Trustee argues that an order entered on November 16, 2020 (the "Trust Administration Order") in the related case, *SEC v. Mutual Benefits*, No. 04-60573-CIV-MORENO, mooted Counts 2 and 3 in Plaintiff's complaint in this case, which requested monetary and non-monetary relief. The Trustee adds that his proposals for settlement in this case were issued *after* the Trust Administration Order was entered, which would have made the non-monetary claims moot and the proposal for settlement statute applicable since in his view, only the monetary claims remained at issue. The problem with this argument is that there was never a ruling in this case finding the Trust Administration Order mooted these claims. The claims remained at issue until the summary judgment order at the end of the case.

The Court must strictly construe Florida Statute § 768.79 because it is in derogation of the common law rule that each party is responsible for its own attorney's fees. *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013). A strict construction compels the Court to overrule the Trustee's objection. Because there was no order mooting the claims in this case, the statute does not apply to provide the Trustee with an award of fees in this case.

DONE AND ORDERED in Chambers at Miami, Florida, this ___4th___ of October 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Jared M. Strauss

Counsel of Record